## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RACHEL ZUCKERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 09-CV-4819 |
| | ) | |
| UNITED OF OMAHA LIFE INSURANCE | ) | Judge Robert M. Dow, Jr. |
| COMPANY, AMERICAN | ) | |
| PHARMACEUTICALS PARTNERS, INC., | ) | |
| and AMERICAN PHARMACEUTICALS | ) | |
| PARTNERS, INC. EMPLOYEE BENEFIT | ) | |
| PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are two motions to dismiss in part Plaintiff Rachel Zuckerman's first amended complaint, one filed by Defendant United of Omaha Life Insurance Company ("United of Omaha") [17] and the other filed by American Pharmaceuticals Partners, Inc. ("APP") [24]. Also pending is Defendant United of Omaha's motion to strike jury demand [26]. For the reasons stated below, the Court grants both motions to dismiss [17 & 24] and denies as moot the motion to strike jury demand [26].

**I.   Background**[1]

Plaintiff Rachel Zuckerman worked for Defendant APP as a Senior Scientist-project. Defendant AAP sponsored the American Pharmaceuticals Partners, Inc. Employee Benefit Plan ("Plan"). APP purchased Group Policy No. GUD-252C from Defendant United of Omaha to

---

[1] For purposes of Defendants' motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the first amended complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

fund the long-term disability benefits offered under the Plan. As the insurer, United of Omaha agreed to pay certain benefits to eligible Plan participants "subject to the terms, conditions, and limitations of [the] Policy."

On April 4, 2006, Plaintiff stopped working for APP due to the combined effects of headaches, fibromyalgia, difficulty sleeping, and cognitive impairments, which Plaintiff believes were the result of chemical exposure in the workplace. After leaving her employment, Plaintiff filed a claim for worker's compensation benefits. She also applied for Social Security disability benefits, which she recently was awarded. APP advised Plaintiff that she was not eligible to apply for LTD benefits while also seeking worker's compensation benefits. APP later confirmed that position in a letter sent by APP to United of Omaha on August 12, 2008. The letter states that APP "instructed" Plaintiff not to file her disability claim until after her Worker's Compensation claim was resolved. Contrary to APP's advice, Plaintiff was eligible for LTD benefits regardless of causation because the LTD policy treats workers' compensation benefits as an offset against LTD benefits, but does not exclude benefit eligibility in the event of work-related injuries or illnesses.

In reliance on APP's representations, Plaintiff did not apply for LTD benefits until 2008. At the time that she applied, she was approved to receive short-term disability benefits by Disability Management Services ("DMA"), which acted on behalf of the Plan with respect to short-term benefits. Then, on November 24, 2008, Defendant United of Omaha issued a determination that Plaintiff was not disabled. Plaintiff appealed this determination, but United of Omaha upheld its decision and refused to pay benefits. In addition to affirming its decision that Plaintiff was not disabled, United of Omaha raised an additional reason for the denial, which

previously had not been communicated to Plaintiff – namely, that the claim was denied due to late notice of the claim and the failure to timely submit proof of loss.

## II.     Legal Standard On Motion To Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case.  See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true.  *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Twombly*, 550 U.S. at 563.  The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom.  See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

On a Rule 12(b)(6) motion to dismiss, the Court generally must confine its inquiry to the factual allegations set forth within the four corners of the operative complaint.  See *Rosenblum v. Travelbyus.com*, 299 F.3d 657, 661 (7th Cir. 2002).  In the usual case, therefore, if a party moving for a 12(b)(6) dismissal submits documents with its motion to dismiss, the Court either must ignore the documents or convert the motion to one for summary judgment.  See Fed. R. Civ. Pro. 12(b); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.

1993). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings," and may be considered on a motion to dismiss, "if they are referred to in the plaintiff's complaint and are central to her claim." *Venture*, 987 F.2d at 431. Documents that fall within this "narrow" exception must be "concededly authentic." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

Applying that standard, the Court will consider the following documents that are referred to in Plaintiff's complaint and central to her claims: (1) APP's Group Policy No. GUD-252C, which APP purchased from United of Omaha to fund long-term disability benefits offered under the APP Employee Benefit Plan ("Plan"); and (2) a letter dated August 12, 2008, from APP to United of Omaha, advising United of Omaha that APP advised Plaintiff not to file her disability claim until after her Worker's Compensation claim was resolved.

### III. Analysis

#### A. United of Omaha's Motion to Dismiss

*1. Proper Defendant*

In Count I, asserted against Defendant United of Omaha and/or the Plan, Plaintiff claims she is entitled to her LTD benefits under § 502(a)(1)(B) of the Employee Retirement Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). In its motion to dismiss Count I of Plaintiff's first amended complaint, United of Omaha first asserts that it is not a proper defendant and that only the benefit plan can be sued under ERISA. In response, Plaintiff contends that the party rendering the claim determination is a proper party to a suit seeking benefits due under ERISA and that United of Omaha underwrote the benefit plan, is the party responsible for paying benefits, and was the party that made the claim determination.

The Seventh Circuit has held that "[g]enerally, in a suit for ERISA benefits, the plaintiff is 'limited to a suit against the Plan.'" *Mote v. Aetna Life Ins. Co.,* 502 F.3d 601, 610 (7th Cir. 2007) (quoting *Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan,* 378 F.3d 669, 674 (7th Cir. 2004)). In limited circumstances, however, individuals have been permitted to sue a party other than the plan in a claim for ERISA benefits. Specifically, the Seventh Circuit has recognized exceptions to its general rule where: (1) the employer and plan are closely intertwined; or (2) the ERISA plan documents refer to the employer and plan interchangeably. *Mein v. Carus Corp.,* 241 F.3d 581, 584-85 (7th Cir. 2001) (allowing plaintiff to sue his employer to recover ERISA benefits because the employer and the plan were closely intertwined); *Riordan v. Commonwealth Edison Co.,* 128 F.3d 549, 551 (7th Cir. 1997) (permitting a plaintiff to sue employer to recover ERISA benefits because the plan documents referred to the employer and plan interchangeably). In essence, these two exceptions allow a plaintiff to proceed against a party other than the plan – specifically the employer – when the identity of the plan is not discernable because of the close relationship between the employer and the plan.

The Court concludes that the exceptions recognized by the Seventh Circuit in *Mein* and *Riordan* do not apply because here, unlike in *Mein* and *Riordan,* the identity of the Plan is discernable. Indeed, Zuckerman identifies the name of the Plan in her complaint. This conclusion is consistent with the decisions of other judges in this district which have dismissed claims for ERISA benefits against insurers on the ground that the insurers are improper defendants. See, *e.g., Mote,* 502 F.3d at 610-11 (affirming district court's dismissal of an insurance company serving as plan administrator in a suit for ERISA benefits on proper defendant grounds); *Schultz v. Prudential Ins. Co. of America*, 678 F. Supp. 2d 771, 775-

77 (N.D. Ill. 2010); *Eidmann v. Unum Life Ins. Co. of Am.,* 2005 WL 2304801, at *1-3 (N.D. Ill. Sept. 20, 2005) (dismissing a claim for benefits against insurer on proper defendant grounds); *Moffat v. Unicare Health Ins. Co. of the Midwest,* 352 F. Supp. 2d 873, 876-79 (N.D. Ill. 2005) (applying the Seventh Circuit's general rule and holding that an insurance company was not the proper defendant in an action for benefits brought under Section 1132(a)(1)(B)); *Matuszak v. Anesi, Ozmon, Rodin, Novak, & Kohen Ltd. Long Term Disability Plan,* 2004 WL 2452733, at *1-3 (N.D. Ill. Nov. 1, 2004) (same).

In response, Zuckerman relies primarily on two cases in arguing that United of Omaha is a proper defendant for Count I: *Penrose v. Hartford Life and Accident Insurance Company,* 2003 WL 21801214 (N.D. Ill. Aug. 4, 2003) and *Madaffari v. Metrocall Companies Group,* 2004 WL 1557966 (N.D. Ill. July 6, 2004).[2] In *Penrose,* the court allowed a Section 1132(a)(1)(B) claim to proceed against the insurance company which issued the plan. 2003 WL 21801214, at *3. After initially dismissing the case against the insurance company on proper defendant grounds, the court subsequently reinstated the claim for benefits against the insurer because, even after limited discovery, the identity of the plan was unknown. *Id.* at *1-3. While acknowledging the Seventh Circuit's general proper defendant rule in ERISA benefits cases, the court in *Penrose* allowed the suit to proceed because it determined that "the court of appeals is unlikely to hold that where the employer and/or administrator have failed to create or identify an entity known as a plan which can be sued, then a plaintiff is without a remedy in a suit to recover benefits." *Id.* Similarly, in *Madaffari*, the court also allowed an ERISA benefits suit to proceed

---

[2] Plaintiff also cites several decisions from other circuit courts and district courts outside the Seventh Circuit in arguing that United of Omaha is a proper defendant for Count I. Even if these cases stand for the proposition urged by Plaintiff, the Court would be constrained to disregard them because they contradict governing Seventh Circuit precedent.

against an insurance company because there was ambiguity regarding the identity of the plan. 2004 WL 1557966, at *2-5.

The Court finds that neither *Penrose* nor *Madaffari* support Zuckerman's position because, here, unlike in those cases, there is no ambiguity or uncertainty regarding the identity of the plan. To be sure, the Court appreciates the logic in Plaintiff's position – that the party that underwrote the benefit plan, pays the benefits, and made the claim determination is a proper defendant. In Plaintiff's complaint, she alleges that APP is "the plan sponsor and administrator." FAC at ¶¶ 1, 7, 18, 20. However, she also alleges in her complaint that Defendant United of Omaha was "engaged * * * in the administration of benefits under the aforementioned policy of insurance." Id. at ¶ 6. Then, in her response brief, she states that United of Omaha made all the relevant decisions, duties typically associated with plan administrators. Even accepting those allegations as true, under *Mote*, regardless of who administers the relevant plan, the proper defendant is the plan itself unless one of the exceptions discussed above applies. Notably, in *Mote*, the Seventh Circuit did not apply any of those exceptions even though the plan administrator underwrote the plan and made all the decisions regarding benefits. 502 F.3d at 610-11. Thus, under Seventh Circuit law,[3] as most recently articulated in *Mote,* the Plan is the

---

[3] In *Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, the court concluded that the insurer was the proper defendant in an ERISA case, despite the insurer's argument that the proper defendant was the plan. 2010 WL 1979569, at *12-13 (N.D. Ill. May 17, 2010). In denying Blue Cross's motion to dismiss, the court stated, "Though the insurance coverage may have been provided by an employee benefit plan, it appears from plaintiffs' allegations that the BCBS entities had the sole authority to make the decisions that give rise to the plaintiff's claims * * * * therefore [BCBS is] clearly intertwined with the plans themselves." 2010 WL 1979569, at *13. As noted above, the Court sees the logic in the approach taken by the court in *Pennsylvania* Chiropractic and advocated by Plaintiff here. However, the Court does not find any circumstances present in this case that would take it outside of the teaching of *Mote* that "[g]enerally, in a suit for ERISA benefits, the plaintiff is 'limited to a suit against the Plan.'" 502 F.3d at 610.

proper defendant in a claim for benefits under Section 1132(a)(1)(B).[4] Therefore, Defendant United of Omaha is dismissed as a Defendant.[5] Count I remains pending as to the Plan.

### B. APP's Motion to Dismiss Claims Under ERISA § 502(a)(3) (Count II)

In Count I, asserted against Defendant United of Omaha and/or the Plan, Plaintiff claims that she is entitled to all LTD benefits due since September 19, 2006, and that such benefits must continue until she recovers from disability, dies, or reaches the age of 65. Plaintiff brings Count I pursuant to § 502(a)(1)(B), which provides that "a civil action may be brought by a participant or beneficiary [of an ERISA plan] to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); see also *Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, 2010 WL 1979569, at *12 (N.D. Ill. 2010).

In Count II, pled "in the alternative" and asserted against APP, Plaintiff also claims she is entitled to all LTD benefits due to her under the Plan. Plaintiff brings Count II under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), alleging that APP breached its fiduciary duty to Plaintiff to act exclusively in her interest in relation to her entitlement to benefits and violated 29 U.S.C. § 1140 (enforced under § 502(a)(3)) by "unlawfully interfer[ing] with Plaintiff's attainment of benefits" FAC at ¶ 19. Section 502(a)(3) provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any

---

[4] To be sure, the Seventh Circuit has allowed a suit to proceed against a plan administrator where the administrator failed to raise an objection in the district court. See *Mote*, 502 F.3d at 611 (citing *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997)). Here, because United of Omaha explicitly has raised the issue, the Court follows the Seventh Circuit's pronouncement in *Mote* that "[g]enerally, in a suit for ERISA benefits, the plaintiff is 'limited to a suit against the Plan.'" 502 F.3d at 610 (7th Cir. 2007).

[5] Because Defendant United of Omaha no longer will be a defendant in this action, its motion to strike Plaintiff's jury demand [26] is denied as moot.

provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

APP moves to dismiss Count II on the grounds that (1) equitable relief under § 502(a)(3) is not available as a matter of law because Plaintiff has a claim for benefits under § 502(a)(1)(B) (Count I); and (2) even if Plaintiff could assert a claim under § 502(a)(3), the monetary relief that she seeks is not "appropriate equitable relief" within the meaning of the statute. In arguing that Plaintiff cannot maintain a claim under § 502(a)(3) because she has an adequate remedy under § 502(a)(1)(B), APP relies on the Supreme Court's discussion of § 502(a)(3) in *Varity Corporation v. Howe,* 516 U.S. 489 (1996). In *Varity,* the Court described § 502(a)(3) as a "catchall" provision that acts "as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." 516 U.S. at 512. The Court noted that "the statute authorizes [only] '*appropriate*' equitable relief," and stated that "equitable relief * * * normally would not be 'appropriate' * * * where Congress elsewhere provided adequate relief for a beneficiary's injury." *Id.* at 515.

The Seventh Circuit has not expressly determined whether, under *Varity*, a claim for benefits under § 502(a)(1)(B) bars a § 502(a)(3) claim for equitable relief. However, as the Seventh Circuit recently recognized, "a majority of the circuits" have interpreted *Varity* to mean that "if relief is available to a plan participant under subsection (a)(1)(B), then that relief is *un*available under subsection (a)(3)." *Mondry v. American Family Mut. Ins. Co*., 557 F.3d 781, 805 (7th Cir. 2009) (citing *Korotynska v. Metro. Life Ins. Co*., 474 F.3d 101, 106 (4th Cir. 2006) (joining the 5th, 6th, 8th, 9th, and 11th Circuits in holding that "a claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed with a claim under § 1132(a)(3)")).

9

Likewise, a number of "judges of this court have interpreted [*Varity*] to mean that a claim for equitable relief under § 1132(a)(3) must be dismissed if relief may be obtained under § 1132(a)(1)(B)." *Rice ex rel. Rice v. Humana Ins. Co.*, 2007 WL 1655285, at *4 (N.D. Ill. June 4, 2007); see also *Heroux v. Humana Ins. Co.*, 2005 WL 1377854, at *4 (N.D. Ill. June 8, 2005) (at motion to dismiss stage, stating that a §1132(a)(3) claim "would be foreclosed by the relief [sought] * * * under § 1132(a)(1)(B)"); *Erikson v. Ungaretti & Harris-Exclusive Provider Plan*, 2003 WL 22836462, at *3 (N.D. Ill. Nov. 24, 2003) (granting motion to dismiss § 502(a)(3) claim that rested "on the exact same basis as [plaintiff's] claims for denial of benefits" under § 502(a)(1)(B)); *Clark v. Hewitt Associates, LLC*, 294 F.Supp.2d 946, 950 (N.D. Ill. 2003) (holding that a plaintiff who has the right to bring a claim under ERISA § 502(a)(1)(B), regardless of its merits, may not seek relief under ERISA § 502(a)(3)); *Jurgovan v. ITI Enterprises*, 2004 WL 1427115, at *4 (N.D. Ill. June 23, 2004) (granting motion to dismiss ERISA § 502(a)(3) claim under *Varity* where plaintiff had a claim for benefits under § 502(a)(1)(B)).

This is not to say that an ERISA plaintiff may never simultaneously bring claims under both § 502(a)(1)(B) and § 502(a)(3). See *Gore v. El Paso Energy Corp. Long Term Disability Plan,* 477 F.3d 833, 839-40 (6th Cir. 2007) (dismissal of § 502(a)(3) claim is appropriate where it is merely "a repackaged claim for individual benefits," but not where plaintiff's § 502(a)(3) claim and § 502(a)(1)(B) claim address "two separate and distinct injuries"). However, courts generally are in agreement that where a plaintiff's § 502(a)(3) and § 502(a)(1)(B) claims are materially indistinguishable (*i.e.*, "the equitable claims * * * are 'nothing more than repackaged denial of benefits claims"), the equitable claims must be dismissed. *Crummett v. Metropolitan Life Ins. Co.*, 2007 WL 2071704, at *2 (D.D.C. July 16, 2007) (citation omitted). For example,

courts consistently have dismissed § 502(a)(3) claims where a plaintiff seeks identical relief under §§ 502(a)(3) and 502(a)(1)(B). See *Rice*, 2007 WL 1655285, at *4 (granting motion to dismiss ERISA § 502(a)(3) claim where plaintiff also asserted ERISA § 502(a)(1)(B) claim and sought identical relief under both claims); *Kaliebe*, 2003 WL 22282379, at *3 (dismissing § 502(a)(3) claim where beneficiary sought the same remedy – "restoration of the level of benefits that the beneficiary believes to have been required under the plan" – for claims under §§ 502(a)(3) and 502(a)(1)(B)); *Erikson*, 2003 WL 22836462, at *3 ("Unless [plaintiff] can state that she is entitled to some type of relief that would be unavailable to her under § 502(a)(1)(B), she may not bring a claim under § 502(a)[](3)."); *Jurgovan*, 2004 WL 1427115, at *4 (plaintiff's "§ 502(a)(3) claim * * * must be dismissed because it seeks relief which duplicates the relief sought in her claim for benefits under § 502(a)(1)(B)"); *Wald v. Southwestern Bell Corp. Customcare Medical Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996) (finding that plaintiff did "not have a cause of action under section 502(a)(3)" where she sought "no different relief" under § 502(a)(3) than she did under § 502(a)(1)(B)). Similarly, courts have concluded that where a plaintiff's §§ 502(a)(3) and 502(a)(1)(B) claims rely on identical the factual allegations, the § 502(a)(3) claim must be dismissed. See *Jones v. American General Life and Acc. Ins. Co.*, 370 F.3d 1065, 1073 (11th Cir. 2004) ("the relevant concern in *Varity,* in considering whether the plaintiffs had stated a claim under Section 502(a)(3), was whether the plaintiffs also had a cause of action, based on the same allegations, under Section 502(a)(1)(B) or ERISA's other more specific remedial provisions"); *Moffat v. Unicare Midwest Plan Group 314541*, 2005 WL 1766372, at *5 (N.D. Ill. July 25, 2005) (dismissing plaintiff's § 502(a)(3) claim where the same allegations supported plaintiff's § 502(a)(1)(B) claim).

By contrast, courts have declined to dismiss § 502(a)(3) claims that are not simply "repackaged" claims for benefits. See *Ehrman v. Standard Ins. Co.*, 2007 WL 1288465, at *4 (N.D. Cal. May 2, 2007) (refusing to dismiss § 502(a)(3) claim at pleading stage where the plaintiff "alleged wrongful conduct that * * * [went] beyond the mere wrongful calculation of benefits" and thus § 502(a)(1)(B) might not provide complete relief); *Black v. Long Term Disability Ins.*, 373 F.Supp.2d 897, 902 (E.D. Wis. 2005) (motion to dismiss § 502(a)(3) claim should be denied under certain circumstances, including where plaintiff alleges one set of facts in support of § 502(a)(1)(B) claim and different facts in support of § 502(a)(3) claim); *Hill v. Blue Cross and Blue Shield of Mich.*, 409 F.3d 710, 718 (6th Cir. 2005) (holding that district court erred in dismissing § 502(a)(3) claim seeking injunctive relief to alter the manner in which defendant calculated benefits going forward because an award of benefits would not provide plaintiff with complete relief).

Here, Plaintiff asserts claims for "equitable" relief alleging that APP (i) breached its fiduciary duty to Plaintiff to act exclusively in her interest in relation to her entitlement to benefits and (ii) "unlawfully interfered with Plaintiff's attainment of benefits," which violates § 510 of ERISA. APP argues that, under *Varity* and its progeny, Count II must be dismissed.

In response, Plaintiff contends that it is too soon for the Court to determine whether Plaintiff can recover under § 502(a)(1)(B), and therefore dismissal of her § 502(a)(3) claims would be premature, as it could leave her without a remedy. But, as many courts have recognized, whether Plaintiff's § 502(a)(1)(B) claim ultimately will succeed is irrelevant; the pertinent inquiry is whether Plaintiff can state a claim under § 502(a)(1)(B). See *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1089 (11th Cir. 1999) (fact that plaintiff did not prevail on the merits of her § 502(a)(1)(B) claim was irrelevant because "the availability of

an adequate remedy under the law for *Varity* purposes, does not mean, nor does it guarantee, an adjudication in one's favor"); *Tolson v. Avondale Indus., Inc.,* 141 F.3d 604, 610 (5th Cir. 1998) (that plaintiff "did not prevail on his claim under section 1132(a)(1) does not make his alternative claim under section 1132(a)(3) viable."); *Clark*, 294 F. Supp. 2d at 950 (rejecting plaintiff's argument that she should not be precluded from seeking relief under § 502(a)(3) because her claim under § 502(a)(1)(B) might fail, reasoning that the fact that she had "the *right* to bring a claim under § 1132(a)(1)(B), regardless of its merits," barred her § 502(a)(3) claim); *Kaliebe*, 2003 WL 22282379, at *4 (rejecting argument that dismissal of equitable relief claim would be "premature" where it was "possible that Plaintiff [would] not recover under that theory," reasoning that "[i]t is always possible that a plaintiff will not recover, but the inquiry is adequacy not recoverability"). Therefore, Plaintiff's contention that her claims for equitable relief should not be dismissed because she may not prevail on her claim for benefits is not well-taken. See *Kenseth v. Dean Health Plan, Inc.*, 2010 WL 2557767, at *24 (7th Cir. June 28, 2010) ("Notwithstanding the obstacles to relief under section 1132(a)(1)(B), Kenseth may not obtain comparable relief under the guise of a claim for breach of fiduciary duty").

Second, Plaintiff argues that dismissal of her § 502(a)(3) claims at this stage because would be inconsistent with Federal Rule of Civil Procedure 8(d)(2), under which she may plead two alternate theories of liability. A number of courts have addressed this argument, with mixed results. See *Kaliebe*, 2003 WL 22282379, at *4 (stating that dismissal of § 502(a)(3) claim as duplicative on the pleadings contradicted Rule 8, but finding that *Varity* required that result); *Jurgovan*, 2004 WL 1427115, at *4 ("the fact that alternative pleading is proper under the Federal Rules is irrelevant under this court's interpretation of *V[a]rity* because the existence of a claim for relief under § 502(a)(1)(B) (as opposed to the receipt of actual relief under than

13

section) means that relief under § 502(a)(3) is not available as a matter of law"); *Rice*, 2007 WL 1655285, at *4 (same); *Donaldson v. Pharmacia Pension Plan*, 435 F.Supp.2d 853, 869 n.5 (S.D. Ill. 2006) (under Federal Rule 8 "Plaintiffs are entitled to assert claims under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), and ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), in the same complaint, and are not required to elect a remedy before entry of final judgment"); *Black*, 373 F.Supp.2d at 902-03 (dismissing plaintiff's § 502(a)(3) claim "as duplicative at the pleading stage of a case would * * * violate Rule 8"); *Parente v. Bell Atlantic-Pennsylvania,* 2000 WL 419981, at *3 (E.D. Pa. April 18, 2000) (permitting plaintiff to proceed under both §§ 502(a)(1)(B) and (a)(3)) in light of "the longstanding principle of allowing parties to plead in the alternative").

The Court is not persuaded that dismissal would violate Rule 8. As discussed above, courts have interpreted *Varity* as prohibiting plaintiffs from repackaging "denial of benefits" claims as claims for equitable relief. In other words, *Varity* and its progeny bar plaintiffs from getting two bites at essentially the same apple by asserting identical claims under §§ 502(a)(3) and 502(a)(1)(B). In short, the dismissal of Plaintiff's equitable claims under *Varity* would not bar Plaintiff from asserting inconsistent legal theories, as Rule 8 allows, but from asserting the same legal theory twice under separate labels.

Here, Plaintiff seeks the same relief under her § 502(a)(3) claims as she does under her § 502(a)(1)(B) claim – namely, all LTD benefits due since September 19, 2006, and continuing until she recovers from disability, dies, or reaches the age of 65. While Plaintiff's equitable claims also seek an order declaring that "APP is required to continue paying Plaintiff benefits so long as she meets the policy terms and conditions for receipt of benefits" (FAC at ¶ 21(C)), that relief also is available under § 502(a)(1)(B). See *Rice*, 2007 WL 1655285, at *4 (plaintiff's

"request for an injunction against future denial of benefits is available under § 1132(a)(1)(B)," which allows him to "clarify his right to future benefits under the plan"). "ERISA already creates a remedy for injuries inextricably tied to the denial of benefits. That remedy is a claim under § 502(a)(1)(B)." *Burns v. Orthotek Inc. Employees Pension Plan and Trust*, 2009 WL 631245, at *4 (N.D. Ill. 2009); see also *Kenseth*, 2010 WL 2557767, at *24 (finding that plaintiff's breach of fiduciary duty claim was essentially a denial-of-benefits claim and that "this is the sort of make-whole relief that is not typically equitable in nature and is thus beyond the scope of relief that a court may award pursuant to section 1132(a)(3)").

What separates Plaintiff's breach of fiduciary duty claim from others allowed to go forward is that in those other claims, there is some injury that is separate and distinct from the denial of benefits. For example, in *Rogers v. Baxter Intern., Inc.,* 521 F.3d 702, 704-05 (7th Cir. 2008), a plaintiff alleged that a plan's fiduciaries improperly encouraged participants to invest company stock that they knew was inflated and overpriced. Other acts for which a fiduciary may be found liable include failing to exercise due care in hiring, retaining, or training non-fiduciary agents (see *Schmidt v. Sheet Metal Workers' Nat'l Pension Fund,* 128 F.3d 541, 548 (7th Cir. 1997)); or a fiduciary's unilateral awarding of salary raises to the fiduciary himself or his family members (see *LaScala v. Srufari,* 479 F.3d 213, 221 (2nd Cir. 2007)). In those cases, the harm could be done with or without an accompanying denial of benefits. In Plaintiff's case, her alleged injury came solely because of the denial of her benefits; absent the denial of benefits, there would be no injury.

Additionally, the allegations supporting Count II – that APP misled her as to the time frame she had in which to file her claim for LTD benefits – are included in Count I. Dismissal of Count II does not foreclose Plaintiff from pursuing the theory that APP's misrepresentation

prevented her from filing a timely claim for benefits (and that consequently a denial of LTD benefits on that basis was wrong). In the event that case law exists that prevents Plaintiff from pursuing this theory through a § 502(a)(1)(B) claim, neither party has brought it to the Court's attention. As currently pled, Count II of Plaintiff's claim fails because the only injury claimed – the denial of benefits – creates a cause of action under § 1132(a)(1)(B)) for monetary relief, making that relief "*un*available under subsection (a)(3)." *Mondry*, 557 F.3d at 805 (7th Cir. 2009); see also *Kenseth*, 2010 WL 2557767, at *9 ("Where it is clear that the plaintiff is seeking legal rather than equitable relief, dismissal of the claim may be appropriate.").

### III. Conclusion

For the foregoing reasons, the Court grants Defendant United of Omaha's motion to dismiss [17] and grants Defendant APP's motion to dismiss [24]. The Court denies as moot Defendant United of Omaha's motion to strike jury demand [26].

Dated: July 21, 2009

_____
Robert M. Dow, Jr.
United States District Judge

16