# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4819 | **DATE** | 1/27/2012 |
| **CASE TITLE** | Zuckerman vs. American Pharmaceuticals Partners, Inc. Employee Benefit Plan | | |

**DOCKET ENTRY TEXT**

Status hearing held on 1/26/2012. Cross motions for summary judgment on the timeliness issue due February 17, 2012; combined responses/replies to cross motions for summary judgment due March 9, 2012. Defendant APP Benefit Plan to submit to Plaintiff on or before March 16, 2012 supplemental joint statement regarding standard of review and discovery; Plaintiff to submit to APP Benefit Plan her supplemental filing of joint statement regarding standard of review and discovery on or before March 23, 2012; APP Benefit Plan to file combined supplemental joint statement on or before March 23, 2012. In addition, for the reasons stated on the record and summarized below, APP Benefit Plan's motion to remand [62] and Plaintiff's motion to strike affirmative defense [73] are denied and Plaintiff's motion for reconsideration [58] is denied without prejudice. Please see below for further discussion.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

At the status hearing held on 1/26/2012 the Court engaged in an extended discussion with counsel on the record in open court about the most efficient way to move the case forward to disposition. Consistent with that discussion and the Court's direction to the parties, the parties have submitted the following schedule, which the Court adopts:

> Cross Motions for Summary Judgment on the timeliness issue due February 17, 2012; Combined Responses/Replies to Cross Motions for Summary Judgment due March 9, 2012. Defendant APP Benefit Plan to submit to Plaintiff on or before March 16, 2012 Supplemental Joint Statement Regarding Standard of Review and Discovery; Plaintiff to submit to APP Benefit Plan her supplemental filing of Joint Statement Regarding Standard of Review and Discovery on or before March 23, 2012; APP Benefit Plan to file combined Supplemental Joint Statement on or before March 23, 2012.

With the completion of the briefing set forth above, the Court will be in position to issue rulings on the timeliness, standard of review, and discovery issues that the parties have presented for decision.

In addition, and also consistent with the discussion on the record in open court, Defendant American Pharmaceuticals Partners Inc. Employee Benefit Plan's motion to remand [62] and Plaintiff's motion to strike Defendants' second affirmative defense [73] are denied. In the Court's view, the timeliness issue referenced in both motions may be subject to a more expeditious and definitive resolution on summary judgment than in a motion for judgment on the pleadings or a remand. However, the parties are reminded that the Court previously addressed the law pertaining to the timeliness issue in its ruling on Defendant's motion to dismiss and counsel

**STATEMENT**

would be well-advised to take into account the Court's prior ruling in deciding whether a good faith basis exists to pursue a timeliness defense in light of the facts discovered to date.

Moreover, as stated on the record, the Court does not believe that a remand would be appropriate in the present circumstances. Finally, Plaintiff's motion for reconsideration [58] is denied without prejudice at this time. As Plaintiff has recognized, that claim that she has asked the Court to reinstate in the motion for reconsideration is highly contingent at this time – it "will only become viable if her claim against the Plan is defeated on grounds of timeliness." If it appears that the continent event may come to pass, the Court will then invest the judicial resources to sort out the legal issue of whether *Cigna Corp v. Amara*, 131 S. Ct. 1866 (2011), "entirely changes the landscape" with respect to breach of fiduciary duty claims in the ERISA context and authorizes an action against APP, as Plaintiff contends in support of her motion.